# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DONNA CARNES,**

     Plaintiff,

vs.                                 **Case No. 8:06-CV-1292-T-23EAJ**

**JOHN E. POTTER, Postmaster General,**

     Defendant.

_____/

## ORDER

Before the court is Plaintiff's **Motion for Time Extension and Permission to use Electronic Filing System** (Dkt. 6), filed on August 11, 2006.[1]

Plaintiff requests permission to use the court's electronic filing system because Plaintiff is located in Brooksville, Florida and cannot drive long distances due to nerve damage in her hands. Plaintiff's request to file electronically through the CM/ECF system is granted in this case, in accordance with ECF Administrative Procedures for Civil and Criminal Cases, Section I(B)(3). Plaintiff shall familiarize herself with the "ECF Administrative Procedures for Civil and Criminal Cases" which can be found at www.flmd.uscourts.gov.  Should Plaintiff fail to comply with these procedures, she could forfeit her right to file electronically.

Plaintiff also seeks an extension of time for "the filings of pleadings, motions, and all other appropriate forms and evidence needed in the processing of [her] case."  (Dkt. 6).  Plaintiff is permitted to request extensions of time, but has not indicated which deadlines she would like extended.  The court will consider requests for extensions of particular deadlines on a case-by-case

---

[1]This motion has been referred to the undersigned by the District Judge for disposition. See 28 U.S.C. § 636(b)(1)(A); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

basis.  In addition, Plaintiff has failed to comply with Local Rule 3.01(g), which requires conferring with opposing counsel before filing a motion, among other things, and Federal Rule of Civil Procedure 5(a), which requires a written motion be served on each of the parties.  Pro se parties must comply with the Federal Rules of Civil Procedure and the Local Rules; the failure to do so could result in sanctions.[2]  The Local Rules for the Middle District of Florida are also available at www.flmd.uscourts.gov.

      Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

1)      Plaintiff's **Motion for Time Extension and Permission to use Electronic Filing System** (Dkt. 6) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. Plaintiff is permitted to file electronically through the court's CM/ECF system, provided that Plaintiff familiarize herself with the "ECF Administrative Procedures for Civil and Criminal Cases."  Plaintiff's request for extension of time is denied without prejudice as discussed above.

      **DONE AND ORDERED** at Tampa, Florida this 15th day of August, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[2] See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigant that ignores discovery orders is subject to sanctions just like any other litigant); see generally Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (pro se representation does not excuse a party from complying with court orders and with the Federal Rules of Civil Procedure); Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) (same).

Copies to:
Counsel of Record
<u>Pro</u> <u>se</u> Plaintiff